## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILTON MINCY, | : | CIVIL ACTION NO. 1:05-CV-0292 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| KENNETH G. CHMIELEWESKI, | : | |
| et al., | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Presently before the court is a motion to dismiss (Doc. 29) plaintiff's

42 U.S.C. § 1983 claims (Doc. 21) filed on behalf of defendants Modery and Rush.[1]

For the following reasons, the motion will be granted.

### I.   Statement of Facts

On November 10, 2004, plaintiff Hilton Mincy ("Mincy"), an inmate

incarcerated at the State Correctional Institution at Mahanoy, witnessed an

altercation between his cell mate and a correctional officer.  On November 12, 2004,

Mincy was ordered to report to the prison security office to discuss the incident.

Mincy stated that the correctional officer verbally provoked his cell mate and that

the officer had "taken the first swing."

According to Mincy, prison authorities believe that he conspired with his cell

mate to assault the correctional officer.  As a result, Mincy claims that he was

subject to increased scrutiny in the form of frequent cell visits and pat searches.

---

[1]An answer (Doc. 48) was filed on behalf of all other defendants.

Mincy further alleges that on November 23, 2004, he was moved to D-block which is known throughout the prison as the block that houses sex offenders and rapists. According to Mincy, he was placed in the "trouble watch cell" directly across from the officer's desk.

On November 27, 2004, Mincy was transferred to the Restrictive Housing Unit ("RHU") and placed in administrative custody pending an investigation of threats against an officer. Mincy alleges that RHU officers refused to provide him with basic personal hygiene items and stationery. Consequently, Mincy elected to pursue a hunger strike commencing November 28, 2004.

While in the RHU, Mincy signed up for sick call and was seen by defendant Rush, a physician's assistant. Mincy informed Rush of his hunger strike, advised him of the reasons for the hunger strike, and assured Rush that he was not suicidal. On December 1, 2004, Mincy was examined by defendant Modery, a physician. Mincy reiterated that he was not suicidal and complained of the conditions in the RHU and the poor manner in which he was being treated by the RHU officers. When Modery asked Mincy if he intended to eat that afternoon, Mincy responded that he would not eat unless he was provided his "basic RHU issue"[2], and he was allowed to contact his attorney. Modery told him that he would have to pursue these issues with RHU officers because she had nothing to do with such matters. He replied that the RHU officers that were not cooperating with him. Mincy was

_____

[2]Includes personal hygiene items, toiletries and stationery. (Doc. 21, p. 3).

then transferred to the psychiatric wing of the medical department and placed in

what he describes as a cold "strip cell" with no running water or toilet paper.  He

complained of the cell conditions and continually stated that he was not suicidal.

He was released back to the RHU the following day.[3]  Mincy's attempts to resolve

the issues upon return to the RHU were unsuccessful.  He later filed grievances

concerning the RHU conditions.

Although the exact nature of the claims against Modery and Rush are not

specified in the complaint, Mincy clarifies, in his opposition brief, that he seeks to

hold these defendants liable because they were deliberately indifferent to the RHU

conditions in violation of the Eighth Amendment.  In effect, Mincy claims that

despite their awareness of his hunger strike related to the conditions in the RHU,

Modery and Rush did nothing to rescue him from his plight.  Mincy also alleges that

these defendants "acted in concert" with the other defendants, in retaliating against

him for exercising his First Amendment rights.

## II.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that

fails to assert a basis upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In

the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true

all of the factual allegations in the complaint and all reasonable inferences that can

---

[3]The remaining allegations of the complaint concern a misconduct issued to
Mincy and the ensuing disciplinary hearing proceedings.  The details of these
proceedings are immaterial to the claims against Modery and Rush.

be drawn therefrom.  <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir.

2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is

generally limited in its review to the facts alleged in the complaint, it "may also

consider matters of public record, orders, exhibits attached to the complaint and

items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran &</u>

<u>Berman</u>, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); <u>see also In re Burlington Coat Factory</u>

<u>Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court

ruling on a motion to dismiss may not [generally] consider matters extraneous to

the pleadings[,] . . . a document integral to or explicitly relied upon in the

complaint" may be considered "without converting the motion [to dismiss] into one

for summary judgment") (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1224

(1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it

appears beyond a doubt that "no relief could be granted under any set of facts that

could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534

U.S. 506, 514 (2002).  "The complaint will be deemed to have alleged sufficient facts

if it adequately put[s] the defendant on notice of the essential elements of the

plaintiff's cause of action." <u>Langford</u>, 235 F.3d at 847.  The court must grant leave

to amend before dismissing a complaint that is merely deficient.  <u>See</u> <u>Shane v.</u>

<u>Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000).

II. __Discussion__

To state a viable claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the Constitution of the United States.  See 42 U.S.C. § 1983; see also, West v. Atkins, 487 U.S. 42, 48 (1988).   "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .  Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Each defendant must have been personally involved in the events or occurrences which underlie a claim.  See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.  Rode, 845 F.2d at 1207-08.

Mincy's act of registering his personal conditions complaints to Modery and Rush is insufficient to establish their personal involvement in the unsatisfactory RHU conditions to which Mincy was subjected.  Plaintiff does not allege that prison physicians or medical personnel are responsible for conditions in the RHU, or for the resolution of inmate grievances which arise when inmates are dissatisfied with RHU conditions.  Rather, Mincy simply alleges that when she was apprised of his circumstances, Modery stated that she had no control over the conditions in the RHU, or over the actions of the correctional officers and encouraged Mincy to

5

discuss such issues with the RHU officers.  If attempts at informal resolution are
unsuccessful, as was the case here, an inmate's proper course of action is to then
file a grievance *via* the prison grievance system, which enables inmates to present
issues concerning their incarceration to prison personnel who are qualified to
address such matters.  For these reasons, the motion will be granted as to the
Eighth Amendment claim.

Mincy also alleges that Modery and Rush "acted in concert" with the other
named defendants in retaliating against him for exercising his first amendment
rights.  In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on
broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational
Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366
(3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  "To plead
conspiracy adequately, a plaintiff must set forth allegations that address the period
of the conspiracy, the object of the conspiracy, and the certain actions of the alleged
conspirators taken to achieve that purpose."  Shearin v. E.F. Hutton Group, Inc.,
885 F.2d 1162, 1166 (3d Cir. 1989); Rose, 871 F.2d at 366.

The essence of a conspiracy is an agreement or concerted action between
individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  A plaintiff
must therefore allege with particularity and present material facts which show that
the purported conspirators reached some understanding or agreement or plotted,
planned and conspired together to deprive plaintiff of a protected federal right.  Id.;
Rose, 871 F.2d at 366; Young,926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden

<u>Apartments</u>, 551 F. Supp. 532, 539 (E.D. Pa. 1982).  Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  <u>Deck v. Leftridge</u>, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  <u>Young</u>, 926 F.2d at 1405 n.16.

Viewing the complaint in the light most favorable to Mincy, he has nevertheless failed to state a viable conspiracy claim against Modery and Rush. Without factual support, Mincy alleges in conclusory fashion that Modery and Rush conspired and acted in concert with defendants to punish him for the exercise of his protected First Amendment rights.  This is insufficient.  Defendants' motion will be granted on the conspiracy claim as well.

An appropriate order will issue.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:        December 13, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILTON MINCY,** | : | **CIVIL ACTION NO. 1:05-CV-0292** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KENNETH G.  CHMIELEWESKI,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 13th day of December, 2005, upon consideration of

defendants' motion to dismiss (Doc. 29) it is hereby ORDERED that:

1.    The motion (Doc. 29) is GRANTED.

2.    The Clerk of Court is directed to note on the docket sheet that
      Modery and Rush are TERMINATED as defendants.

3.    The complaint will proceed as to all other named defendants.


      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge