IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON MINCY,** | : | CIVIL ACTION NO. 1:05-CV-0292 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KENNETH G. CHMIELEWSKI,** | : | |
| et al., | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently ripe for disposition are the following motions filed by plaintiff Hilton Mincy ("Mincy"): motion to amend complaint (Doc. 98); motion to consolidate trial (Doc. 98); and motion to amend the discovery deadline order and to clarify the discovery order (Doc. 109). For the reasons set forth below, the motions to amend the complaint, to consolidate, and to amend the discovery deadline order will be denied. The motion to clarify will be granted.

**I.     Motion to Amend Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure provides this court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however, advises that "leave shall be freely given when justice so requires," FED. R. CIV. P. 15(a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002). A denial of leave to amend where none of these factors are present is an abuse of discretion. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., 573 F.2d at 823.

Plaintiff seeks to amend to "conform the Complaint to the discovery and to clarify the specific causes of action with regard to the federal constitutional violations." (Doc. 98, p. 2). He represents that there is no prejudice to defendants because he discussed the possibility of amending the complaint with defense counsel as early as December 2005. He also represents that the Third Amended Complaint is attached to his motion.

Defendants respond by stating that "[t]he amended complaint filed by this inmate adequately describes the facts and the legal bases for his claim" and that leave is appropriate when a party is seeking to conform a pleading to evidence, not discovery. (Doc. 102, pp. 4-6). Further, more than six months have passed since counsel indicated that he was considering amending the complaint, the parties have engaged in extensive discovery in both this case and the companion case of

Mincy v. Klem, 1:05-CV-1458, and, with a limited exception, discovery in this case is closed. In addition, dispositive motions have been filed in both cases. Defendants also argue that an amendment is unnecessary based on Mincy's concession that the facts and claims he seeks to set forth in the proposed amendment are the same as those set forth in the prior complaints. Defendants admit that they are unable to determine whether there are any new legal theories because Mincy, despite his representation to the contrary, failed to file a proposed amended complaint. However, they argue that if there are, in fact, new theories presented, then the proposed amendment is prejudicial on its face.

The court finds defendants' arguments persuasive and, for the reasons advanced by defendants, will deny leave to amend.

## II. Motion to Consolidate Trial

Rule 42(a) of the Federal Rules of Civil Procedure provides the following:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In determining whether to consolidate, the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause. See Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983).

Review of the complaints filed in this action and Mincy v. Klem, 1:05-CV-1458, reveals that they do not involve common questions of law. The claims raised in Mincy v. Klem are based on the First, Eighth and Fourteenth Amendments to the Constitution, Pennsylvania Constitution and tort laws. The claims raised in the present case concern the First, Fifth and Sixth Amendments to the Constitution.

The factual basis for each action is wholly separate. The events set forth in the present case took place between November 2004 and April 2005 and involve a retaliatory transfer to the Restrictive Housing Unit ("RHU"), due process violations during a misconduct hearing and harassment. In Mincy v. Klem, Mincy contends that defendants retaliated against him for filing the present action by conducting a cell search and issuing him a misconduct for contraband found during that search.

There is a total of thirty-six defendants in the two actions. Only three of them are common to both cases.

Additionally, the cases are in different procedural phases. Discovery in the present action has recently concluded and briefing on the dispositive motion is to follow. In Mincy v. Klem, the dispositive motions are ripe for disposition.

Based on the above, consolidation of these two actions will not promote judicial economy. Hence, plaintiff's motion to consolidate will be denied.

**III.    Motion to Amend/Clarify the Discovery Deadline Order**

Mincy seeks to amend the order to provide for additional time to depose defendant Lt. Derfler. He contends that during the March 17, 2006 deposition of

defendant Lt. Kaufman, information came to light that warrants the deposing of this defendant.

Defendants oppose any further extension of the discovery deadline. They note that Derfler is a named defendant and that Mincy obviously knew him as someone with potentially relevant information when the case was originally filed. Defendants also point out that counsel has been dilatory in scheduling the remaining depositions. Specifically, Mincy's counsel has not contacted defendants' counsel to set deposition dates. Rather, defense counsel contacted Mincy's counsel and, as of the filing of the opposition brief (Doc. 110, filed July 3, 2006), no deposition dates were established. This has resulted in an unreasonable burden being placed on the remaining deponents and their counsel to complete all depositions prior to the close of discovery.

Mincy's failure to pursue this request in a timely fashion despite being aware of defendant Derfler's involvement in the alleged incident, coupled with the fact that the defendants' brief in support of their summary judgment motion is due on or before August 10, 2006, compels the court to deny plaintiff's request to extend the discovery deadline.

Mincy also seeks clarification as to whether he is able to depose defendant Breiner by serving him with written questions. The June 9, 2006 order granted Mincy leave until July 10, 2006, to complete the depositions of those deponents originally noticed in the March 10, 2006 notices of depositions. (Doc. 101).

Defendant Breiner was among those noticed to be deposed.  (Doc. 83-6, p.4). Clearly, as the order placed no limitation on the manner in which the deposition was conducted, defendant Breiner is able to be served with written questions, <u>see</u> FED. R. CIV. P. 31.[1]

    An appropriate order will issue.

                                               /s/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge

Dated:        July 17, 2006

---

[1] The court notes that even though Mincy was aware that defendant Breiner was deployed to Iraq, he did not seek clarification of the June 9, 2006 order until June 30, 2006.  Moreover, he did not serve the written questions until July 6, 2006, thereby making it impossible for the deposition of this defendant to be completed by the discovery deadline of July 10, 2006.  The court will therefore entertain a motion to strike the deposition upon written questions served on defense counsel on July 6, 2006.  (<u>See</u> Doc. 111).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON MINCY,** | : | **CIVIL ACTION NO. 1:05-CV-0292** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **KENNETH G. CHMIELEWSKI,** et al., | : | |
| **Defendants** | : | |

## **O R D E R**

AND NOW, this 17th day of July, 2006, it is hereby ORDERED that plaintiff's motions are disposed of as follows:

1. Plaintiff's motion to amend (Docs. 98) is DENIED.

2. Plaintiff's motion to consolidate for trial (Doc. 98) is DENIED.

3. Plaintiff's motion to amend/clarify the order concerning the discovery deadline (Doc. 109) is GRANTED IN PART and DENIED IN PART. The motion to clarify is GRANTED inasmuch as the June 9, 2006, order permitted plaintiff to serve written interrogatories on defendant Breiner. The motion to amend the discovery order to permit the deposition of defendant Derfler is DENIED.

                                                    /s/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge