# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HILTON MINCY,** : | **CIVIL ACTION NO. 1:05-CV-0292** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **KENNETH G. CHMIELEWSKI,** : | |
| **et al.,** : | |
| **Defendants** : | |

## MEMORANDUM AND ORDER

Presently before the court is plaintiff's motion to compel discovery. (Doc. 84). For the reasons set forth below, the motion will be granted in part and denied in part.[1]

**I.   Standard of Review**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. See FED. R. CIV. P. 37(a). The party moving to compel must demonstrate the relevance

---

[1] Plaintiff also filed a document entitled "[p]laintiff's supplemental motion to compel" (Doc. 108) in response to a court order affording plaintiff the opportunity to supplement the motion by detailing those issues that remained unresolved (Doc. 103) following defendants' supplemental response to the request for production of documents. (Doc. 93-2). Based on the court order, the document is appropriately considered a supplemental brief, not a motion, and will be construed as such.

Additionally, because the order directed plaintiff to supplement the original motion by detailing those issues that remain unresolved, issues raised for the first time in the supplemental brief, will not be considered by the court in disposing of the motion.

of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 349 U.S. 495, 501 (1947). The polestar of discovery is relevance to a claim or defense. Federal Rule of Civil Procedure 26(b)(a) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." Pearson v. Miller, 211 F.2d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, readily obtainable from some other source, or if the burden or expense of producing the discovery sought outweighs its likely benefit. FED. R. CIV. P. 26(b)(2).

## II.   Discussion

As succinctly stated by plaintiff, "[t]he claim [at issue] is retaliation for [plaintiff's exercise of his] First Amendment rights regarding reporting a claim of

inmate abuse by a corrections officer." (Doc. 86, p. 12). The Court evaluates the motion to compel with this claim in mind.

    A.    <u>Request for Information in Plaintiff's DC-15</u>

Plaintiff seeks production of information in his inmate file, or "DC-15." (Doc. 91, p. 22). Defendants object to the production of custody evaluation forms, security evaluations, confidential vote sheets, suicide risk indicators for the Restricted Housing Unit, and extraordinary occurrence reports on the grounds of the executive documents/deliberative process privilege. They argue that "[t]he release of this information is prohibited to protect institutional safety and to avoid manipulation of the system by inmates. See <u>Kerr v. United States Dist. Ct. For N. Dist. Of Cal.</u>, 426 U.S. 394, 405 (1976)." (Doc. 91, pp. 22, 31-32).

When a government entity asserts a claim of privilege, the court "itself must determine whether the circumstances are appropriate for a claim of privilege." <u>United States v. O'Neill</u>, 619 F.2d 222, 226 (3d Cir. 1980). Claims of government document privilege may be sustained when the head of the agency in question affirms that he has reviewed the requested material and provides "a specific designation and description of the documents claimed to be privileged," with "precise and certain reasons" for preserving their confidentiality. <u>Id</u>. at 225-26 (citation and internal quotation marks omitted).

Jeffrey A. Beard, the Secretary of the Department of Corrections, has signed a declaration stating that because these records discuss plaintiff's behavior, attitude, adjustment, and emotional state, the disclosure "would be detrimental to

the treatment and safety of the inmates, the safety of the staff, and the security and order of the institution and would significantly increase the difficulty of prison administration and hinder inmate treatment." (Doc. 91, p. 23). The concern is that public disclosure would discourage staff from entering candid opinions, evaluations and observations. Consequently, "necessary documentation would not occur and the files would fail to be an effective and candid record of the inmate's behavior and adjustment, thereby putting the institution and public at risk." Id. The Court agrees. Generally, inmate files contain a multitude of documents, many of which are created by institutional personnel in assessing an inmate's medical, psychological and/or institutional adjustment, parole readiness, etc. For the security and protection of those staff members, whose objections must not be compromised by fear of retaliation, those documents are not turned over to present or former inmates. See generally, Tarlton v. United States, 430 F.2d 1351 (5th Cir. 1970) (finding that certain inmate records are confidential and are not subject to inspection by inmate). As noted by defendants, plaintiff has done nothing to dispute these legitimate penological concerns. The release of these records will not be ordered.

Plaintiff also seeks the release of psychological records. Defendants oppose general disclosure of these documents for a number of reasons. Secretary Beard and Superintendent Edward J. Klem point out that the value of mental health records lies in the candid nature of the information. (Doc. 91, pp. 19, 32). Disclosure compromises honest opinions and frank evaluations and could

4

potentially subject staff and treating professionals to retribution, thereby inhibiting candid observations from these individuals.  (Id.).  Also of concern is that disclosure could reveal the "methods and manner used to monitor inmate behavior" which may lead to inaccurate assessments, improper institutional placement, and premature release.  (Id. at 33).

Despite these valid objections, defendants have agreed to release certain medical and mental health information pertinent to plaintiff's admission to the psychiatric observation cell during his hunger strike in late November and early December 2004, provided plaintiff agrees to execute a confidentiality agreement. (Doc. 93, p. 9).  Given that this is the only time period relevant to the complaint, the court finds that defendants' proposal is reasonable.  Defendants will be required to release the pertinent mental health records, provided the precondition of execution of a confidentiality agreement is met.

Plaintiff also seeks copies of past misconduct documents.  Defendants consider this request overbroad.  Additionally, they object on the basis plaintiff has been provided with this information in the past and providing it to him again will cause them to incur additional costs.  To the extent that plaintiff seeks copies of all past misconducts, the Court agrees with defendants.  However, in his supplemental brief, plaintiff narrows his request by specifically requesting copies of misconduct A552257, the misconduct which plaintiff alleges was issued in retaliation for the exercise of his First Amendment rights. (Doc. 108, p. 6).  Defendants will be required to produce any and all documents which provide the factual basis for this

misconduct. However, any records which reflect or relate to security concerns or the implementation of institutional safety measures need not be produced.

    B.    <u>Information Concerning the Altercation Between Young and Kehoe</u>

        1.    *Videotape and Extraordinary Occurrence Report*

Plaintiff seeks to compel production of a videotape of the November 10, 2004, physical altercation between his cellmate, Willie Young, and Officer Jim Kehoe, and the extraordinary occurrence report that was generated as a result of the incident. (Doc. 84, p. 3). "Plaintiff desires this information to know if he was ever investigated as being involved in the incident or regarding information he had concerning the incident." (Doc. 108, p. 3).

Defendants object on the grounds that these items are privileged and confidential because they apply to another inmate. (Doc. 112, p. 11). The court agrees. Plaintiff's motion will be denied with respect to the videotape and the extraordinary occurrence report.[2]

        2.    *Lieutenant Gavin's Interview Notes*

Plaintiff concedes that defendants provided him with Lieutenant Gavin's interview. Accordingly, plaintiff's motion will be denied as to this request.

---

[2] Additionally, it appears that Mincy has been provided with the information he seeks. According to the deposition testimony of the investigating officer, Lieutenant Gavin, Mincy was not directly involved in the altercation. (Doc. 112-3, pp. 30-31). He was only interviewed as a witness. (<u>Id</u>.).

### C. DOC Procedure Manuals

Plaintiff seeks to compel copies of procedural manuals with procedures and policies regarding cell searches and patdowns. Plaintiff's request will be denied because he did not request these procedural manuals in the course of discovery. The request was framed as follows:

> 6. A copy of the following manuals, procedures, directives from the Department:
>
>    a. ADM 802A.1
>
>    b. AMD[sic] 804
>
>    c. Any other manuals or directives detailing the process for handling grievances, inmates' requests and misconducts.

(Doc. 84-2). Plaintiff cannot seek to compel that which he has not requested.

## III. Conclusion

Plaintiff's motion will be granted in that defendants will be required to produce plaintiff's psychological/mental health records relevant to the period set forth above, provided plaintiff executes a confidentiality agreement that alleviates defendants' concerns.

The motion will also be granted as to Misconduct A552257. Defendants will be directed to produce any and all documentation concerning the factual basis for this misconduct. However, defendants will not be required to disclose any records which reflect or relate to security concerns or the implementation of security measures.

Plaintiff's motion will be denied in all other respects.

An appropriate order will issue.

                                               S/ Christopher C. Conner
                                               CHRISTOPHER C. CONNER
                                               United States District Judge

Dated:       October 25, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILTON MINCY,** | : | **CIVIL ACTION NO. 1:05-CV-0292** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **KENNETH G. CHMIELEWSKI,** et al., | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 25th day of October, 2006, upon consideration of plaintiff's motion to compel discovery (Doc. 84), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 84) is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's motion is GRANTED in that defendants shall produce the following document on or before November 15, 2006:

    a. Plaintiff's psychological/mental health records pertinent to plaintiff's admission to the psychiatric observation cell during his hunger strike in late November and early December 2004, provided plaintiff executes a confidentiality agreement that alleviates defendants' concerns.

    b. Any and all documents concerning the factual basis for Misconduct A552257, including all appeal documents. Notwithstanding this directive, defendants shall not be required to disclose any records which reflect or relate to the implementation of institutional security measures. If necessary, documents produced may be redacted to protect information concerning institutional security.

3. Plaintiff's motion is DENIED in all other respects.

4. "Plaintiff's supplemental motion to compel discovery" (Doc. 108) is CONSTRUED as a supplemental brief. The Clerk of Court is directed to adjust the docket accordingly.

5. Plaintiff shall respond to defendants' motion for summary judgment (Doc. 94) on or before November 25, 2006.


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge